## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:23-cv-00101-MTS |
| | ) | |
| CONSUMER LAW PROTECTION, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court finds that Plaintiff has failed to establish the Court's subject matter jurisdiction in this case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Plaintiff asserts the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Doc. [1] ¶ 27. In order for this Court to have diversity jurisdiction over this case under § 1332(a)(1), besides the amount in controversy needing to exceed $75,000, all plaintiffs must be completely diverse from all defendants in such a way that no plaintiff is a citizen of any state of which any defendant is a citizen. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

Here, Plaintiff's conclusory allegations fail to establish complete diversity. For example, numerous Defendants in this action are limited liability companies; thus, the citizenship of these Defendants is the citizenship of their members. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). But, regarding their citizenship, Plaintiff repeatedly pleads that "[u]pon information and belief," the LLCs' members "are citizens of Missouri" and "not citizens of Ohio or Arizona," where Plaintiff is a citizen. *See, e.g.*, Doc. [1]

¶¶ 7, 9, 10.  That simply does not suffice.  *See Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *Midwest Renewable Energy, LLC v. Roemer Mach. & Welding Co.*, 4:13-cv-00027-HDV, 2013 WL 12155351, at *2 (S.D. Iowa Feb. 7, 2013) (explaining that plaintiff's allegations were "insufficient to establish diversity jurisdiction" where plaintiff simply stated beneficiaries were all citizens of Nebraska or California but did "not identify their names and citizenships"); *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, 4:20-cv-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) (explaining it is not enough to establish subject matter jurisdiction by pleading "on information and belief" that a plaintiff is "a citizen of a state or states other than" the states of which defendant is a citizen).

Plaintiff does not identify the members of the limited liability companies.  Nor does Plaintiff even identify the number of members in the limited liability companies or what types of entities the members are.[1]  Simply writing that a limited liability company's unquantified and unidentified members are citizens of Missouri (or are not citizens of Ohio or Arizona), without more, is insufficient to establish a limited liability company's citizenship.  *See OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 4:15-cv-1541-CAS, 2015 WL 5920663, at *2 (E.D. Mo. Oct. 9, 2015) (finding "insufficient" the allegation that none of LLC's members were citizens of the opposing-party's state of citizenship); *McMahon v. Robert Bosch Tool Corp*, 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (finding allegation that LLC-party was "a citizen of North Carolina" was "not a factual allegation sufficient to establish [the

---

[1] The members could be, for example, individuals, corporations, partnerships, trusts, or limited liability companies. Since, for diversity jurisdiction purposes, different entities' citizenship is determined by different means, the Court cannot even glean whether Plaintiff took this fact into account.  *See Hill v. Lowe's Home Centers, LLC*, 1:21-cv-00141-SRC, 2021 WL 8444011, at *4 (E.D. Mo. Nov. 23, 2021).

LLC] defendant's citizenship"); *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 260 (5th Cir. 2008) (*per curiam*) (finding allegation that limited partnership believed that all of its limited partners' members, partners, or trustees were of diverse citizenship from plaintiffs, without factual specificity, was not sufficient to establish diversity jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a First Amended Complaint establishing this Court's subject matter jurisdiction no later than **September 11, 2023**.  Failure to do so will result in the dismissal of this action without prejudice.

Dated this 1st day of September 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE