IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:23-cv-00101-MTS |
| ) | |
| CONSUMER LAW PROTECTION, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR DEFAULT JUDGMENT**

COMES NOW Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by and through the undersigned counsel, and respectfully moves this Court for the entry of default judgment as to Defendants (i) Consumer Law Protection, LLC ("Consumer Law"), (ii) Resort Transfer Group, LLC ("Resort Transfer"), (iii) Square One Development Group, Inc. ("Square One Development"), (iv) Square One Group, LLC ("Square One Group"), (v) Timeshare Help Source, LLC ("Timeshare Help"), (vi) Farmington Allegiance, LLC ("Farmington"), (vii) Mainline Partners, LLC ("Mainline"), (viii) Whiskey Dix Big Truck Repair, LLC ("Whiskey Dix"), (ix) Square One Transport, LLC ("Square One Transport"), and (x) Square One Logistics, LLC ("Square One Logistics") (collectively, the "Defaulting Defendants") in accordance with Federal Rule of Civil Procedure 55 for failure to plead or otherwise defend this action in a timely manner. In support of this Motion, Scottsdale states as follows:

1. On July 9, 2023, Scottsdale filed its Complaint for Declaratory Judgment.

2. Scottsdale obtained service of process on the Defaulting Defendants on the following dates, as evidenced by the proofs of service on file with the Court:

    a. Consumer Law – July 31, 2023 (Doc. 13)

    b. Resort Transfer – August 30, 2023 (Doc. 22)

  c. Square One Development – August 30, 2023 (Doc. 23)

  d. Square One Group – August 30, 2023 (Doc. 24)

  e. Timeshare Help – July 28, 2023 (Doc. 38-1, p. 1)

  f. Farmington – August 30, 2023 (Doc. 20)

  g. Mainline – August 30, 2023 (Doc. 21)

  h. Whiskey Dix – August 1, 2023 (Doc. 38-1, p. 2)

  i. Square One Transport – August 1, 2023 (Doc. 38-1, p. 4)

  j. Square One Logistics – August 1, 2023 (Doc. 38-1, p. 6)

3. Under Federal Rule of Civil Procedure 12(a)(1)(A), all of the above-mentioned Defendants would have been in default by September 20, 2023 at the latest.

4. On September 11, 2023, Scottsdale filed its First Amended Complaint for Declaratory Judgment, which was served by regular mail on the Defaulting Defendants (Doc. 26., p.13).

5. Under Federal Rule of Civil Procedure 15(a)(3), the latest the Defaulting Defendants' responsive pleadings would have been due, in light of the First Amended Complaint, was September 25, 2023.

6. As set out in Scottsdale's Application for Entry of Default, although properly served with the Summons and Complaint, the Defaulting Defendants have failed to plead or otherwise respond to the Complaint.

7. Scottsdale has filed an Application for Entry of Default with the Clerk of Court under Federal Rule of Civil Procedure 55, and the Clerk's Entry of Default was entered on November 3, 2023.  Accordingly, the Court may enter a default judgment against the Defaulting Defendants for failure to plead or otherwise defend this case.

8. Consequently, Scottsdale is entitled to a default judgment making declarations as to insurance coverage under Business and Management Indemnity Policy, No. EKS3412841,

issued to Mainline by Scottsdale (the "Policy"). (*Id*. at ¶ 33). The declarations sought by Scottsdale concern coverage for three "Underlying Lawsuits":

    a. *State of Missouri, ex rel. Andrew Bailey, Attorney General v. Consumer Law Protection, LLC, et al.*, No. 22JE-CC00501, Circuit Court of Jefferson County, Missouri;

    b. *State of Alaska v. Consumer Law Protection, LLC, et al.*, No. 3AN-22-6806-CI, Superior Court, Third Judicial District at Anchorage, Alaska; and

    c. *U.S., et al. v. Consumer Law Protection, LLC, et al.*, No. 4:22-cv-1243, U.S.D.C. for the Eastern District of Missouri. (*Id.* at ¶ 47).

Specifically, Scottsdale seeks declarations that the Underlying Lawsuits are not covered due to the Policy's (i) Regulatory Agency Exclusion, (ii) Professional Services Exclusion, and (iii) Contract Exclusion. (*Id.* at ¶¶ 55-77).

    9. In entering Default Judgment against the Defaulting Defendants, Scottsdale requests the Court make the following findings of fact which are all contained in the well-pled allegations of Scottsdale's First Amended Complaint for Declaratory Judgment:

    a. The Underlying Lawsuits are not covered due to the Policy's (i) Regulatory Agency Exclusion, (ii) Professional Services Exclusion, and (iii) Contract Exclusion.

    b. Scottsdale has no duty to defend or indemnify any of the Defendants as it relates to the Underlying Lawsuits.

    10. In entering Default Judgment against the Defaulting Defendants, Scottsdale requests the Court award Scottsdale the following relief:

    a. A judgment finding that there is no coverage for the Underlying Lawsuits due to the Policy's (i) Regulatory Agency Exclusion, (ii) Professional Services Exclusion, and (iii) Contract Exclusion.

      b.      A judgment finding that Scottsdale has no duty to defend or indemnify any of the Defendants as it relates to the Underlying Lawsuits.

      c.      Any other and further relief as the Court deems just and proper under the circumstances.

11.    Accordingly, Scottsdale requests that this Court enter default judgment against the Defaulting Defendants in accord with this Motion and the proposed Judgment that it is providing to the Clerk of Court.

**WHEREFORE**, Plaintiff Scottsdale Insurance Company prays the Court grant this motion and enter default judgment against Defendants (i) Consumer Law Protection, LLC, (ii) Resort Transfer Group, LLC, (iii) Square One Development Group, Inc., (iv) Square One Group, LLC, (v) Timeshare Help Source, LLC, (vi) Farmington Allegiance, LLC, (vii) Mainline Partners, LLC, (viii) Whiskey Dix Big Truck Repair, LLC, (ix) Square One Transport, LLC, and (x) Square One Logistics, LLC on Scottsdale's First Amended Complaint for Declaratory Judgment, and grant any additional relief the Court deems just and proper.

                Respectfully submitted,

                */s/ Russell F. Watters*
                Russell F. Watters, #25758MO
                Watters Wolf Bub & Hansmann, LLC
                600 Kellwood Pkwy, Suite 120
                Saint Louis, MO 63017
                (636) 798-0570
                (636) 798-0693 (Fax)
                rwatters@wwbhlaw.com
                *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent a copy via US Mail to all parties that have not appeared through counsel.

                                          */s/  Russel F. Watters*