UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:23-cv-00101-MTS ) |
| CONSUMER LAW PROTECTION, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Scottsdale Insurance Company filed this declaratory judgment action against twenty Defendants seeking a declaration that an insurance policy it issued to Defendant Mainline Partners, LLC ("Mainline") does not provide coverage for three lawsuits filed against Defendants in 2022. *See* 28 U.S.C. § 2201 (creating declaratory judgment remedy). The Clerk of Court has entered default against all remaining Defendants in this action after they failed to file any response to the Complaint in this matter or otherwise appear. Now before the Court is Plaintiff's Motion for Default Judgment. Doc. [55]; *see also* Fed. R. Civ. P. 55(b)(2). Because the Court is not convinced of the presence of a substantial continuing controversy, for the reasons explained herein, the Court will deny Plaintiff's Motion without prejudice.

\*

The Declaratory Judgment Act provides that any federal court, "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "There must be a concrete dispute between parties having adverse legal interests, and the declaratory judgment plaintiff must seek 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Plaintiff has not established that there is such a substantial controversy here. All it has established is that at one point, Mainline submitted the underlying lawsuits to it for coverage.* Plaintiff then denied coverage via three letters sent in March and April of 2023. Plaintiff tells of nothing else that has happened since then. There is no ongoing controversy where an insured seeks coverage, the insurer denies coverage, and the

---

* Even if the Court concluded a substantial controversy existed here between Plaintiff and Mainline, Plaintiff does not explain how such a controversy exists between the numerous other Defendants. *See* Doc. [26] ¶ 51 (stating "[c]ertain Defendants" submitted the underlying lawsuits at issue to Plaintiff for coverage); *see also BNSF Ry. Co. v. San Joaquin Valley R. Co.*, 1:08-cv-01086-AWI, 2012 WL 1355662, at *4 (E.D. Cal. Apr. 18, 2012) (explaining the plaintiff had "the burden under the Declaratory Judgment Act to show it has an 'actual controversy' against all Defendants"); *Davis v. Page*, 714 F.2d 512, 520 (5th Cir. 1983) (Tjoflat, J., specially concurring) ("A case or controversy must exist between the plaintiff and each defendant.").

insured, accepting the decision, takes no further action and makes no subsequent demands. Plaintiff's First Amended Complaint states only that "[u]pon information and belief, Defendants dispute Scottsdale's coverage denial." Doc. [26] at 9. But Plaintiff has not pointed to a single thing that even suggests that Defendants disputed—let alone *continue to dispute*—Plaintiff's coverage denial. What is more, the circumstances appear to suggest the opposite is true.

No Defendant in this action has bothered to contest this case; the case is before the Court on their default. "That fact strongly suggests that those [D]efendants do not presently have a definite and concrete dispute with [Plaintiff's] coverage position, and that there is thus no live case or controversy as to whether [Plaintiff] owes those [D]efendants any coverage" in the underlying matters. *See Auto-Owners Ins. Co. v. Broadsouth Commc'ns, Inc.*, 2:16-cv-00613-WS, 2017 WL 1025186, at *2 (S.D. Ala. Mar. 15, 2017); *accord Foremost Prop. & Cas. Ins. Co. v. Fentress Businss Ctr. LLC*, 6:20-cv-1637-CEM-GJK, 2022 WL 2019955, at *2 (M.D. Fla. Mar. 30, 2022) (noting "the lack of actual controversy [wa]s demonstrated by every Defendant in this case declining to litigate against Plaintiff's interpretation"). That fact is especially notable here given that multiple Defendants are actively litigating in the underlying matters. *See, e.g.*, *United States of America v. Consumer Law Protection, LLC*, 4:22-cv-01243-JMB (E.D. Mo.); *see also United States v. Morris*, 451 F.2d 969, 972 (8th Cir. 1971) (district court may take judicial notice of its own records). Without more, this case looks like one where "Plaintiff is simply asking, hypothetically, if a party disagreed with its

interpretation, what the outcome would be." *See Foremost Prop. & Cas. Ins. Co.*, 2022 WL 2019955, at *2. That would amount to an advisory opinion. *See id.*

* * *

The Court concludes Plaintiff has not established that the issue in this declaratory judgment action is of an ongoing controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The Court therefore will deny Plaintiff's Motion without prejudice. Any subsequent motion for default judgment that Plaintiff may file in this case will be "carefully scrutinized as to the threshold jurisdictional requirement of a substantial continuing controversy between adverse parties." *Auto-Owners*, 2017 WL 1025186, at *2.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [55], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **Monday**, **October 28, 2024**, Plaintiff shall file an Amended Motion for Default Judgment, consistent with this Memorandum and Order, or shall file appropriate dismissal papers. The failure to do so will result in the dismissal of this action without prejudice.

Dated this 12th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE